UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF HIGINI CIERCO NOGUER, RAMÓN CIERCO NOGUER, AND JOAN PAU MIQUEL PRATS FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

No. 18-MC-498 (JMF)

---

## PROTECTIVE ORDER

**WHEREAS**, on October 31, 2018, Higini Cierco Noguer, Ramón Cierco Noguer, and Joan Pau Miquel Prats ("Petitioners") filed their Application for an Order Authorizing Them to Serve A Subpoena on J.C. Flowers & Co. LLC ("JC Flowers") Pursuant to 28 U.S.C. § 1782 (the "Application"), seeking discovery in aid of the criminal petition Petitioners filed in Andorra before the Battlia D'Andorra (the "Magistracy Court"), as described more fully in the Application;

**WHEREAS**, United States District Court Judge Jesse M. Furman of the Southern District of New York ("SDNY") issued a bench ruling on February 8, 2019, granting the Application with certain modifications;

**WHEREAS**, Judge Furman further ordered that the parties submit an agreed-upon protective order by February 21, 2019. (Doc. No. 33);

**WHEREAS** the parties reached agreement on most issues and submitted three narrow issues of disagreement to the Court for its decision (Doc. Nos. 42 and 43);

**IT IS HEREBY ORDERED**, pursuant to 28 U.S. Code § 1782 and Federal Rule of Civil Procedure 26(c), as follows:

1

1.    **Purposes And Limitations**

This Protective Order is intended to protect documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) ("Litigation Material"), that are produced or disclosed pursuant to the SDNY Order. Nothing in this Order shall require Respondent to produce any Litigation Material that is not otherwise required by the SDNY Order or precludes Respondent from filing objections pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedures.

2.    **Use of Litigation Material, Generally**

Litigation Material bearing the designation CONFIDENTIAL INFORMATION as defined in Section 4, below, shall be used exclusively in the Foreign Proceedings, and for no other purpose absent further order of the SDNY. CONFIDENTIAL INFORMATION shall not be used to bring or litigate any Action against, or seek any Losses from, JC Flowers, absent further order of the SDNY. The restrictions on use of CONFIDENTIAL INFORMATION as described herein apply equally to Litigation Material that includes excerpts, summaries, compilations, or other derivatives of CONFIDENTIAL INFORMATION as defined in Section 4 below.

3.    **Definitions**

   a.   "Action" shall mean actions, claims, suits, proceedings, petitions, applications, demands, or judgments.

   b.   "Copy, or "Copies" shall mean any depiction, reproduction, or sample of any document, material, tangible thing, audio or video tape, computer disk, flash drive, hard drive, or information, regardless of format, by photographic, scanning,

        imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

c.    "Counsel" shall mean Lewis Baach Kaufmann Middlemiss PLLC for Petitioners, Kobre & Kim LLP for Respondent, and other counsel who have executed Exhibit A, including all attorneys, staff, and clerical and support personnel affiliated with or employed by such counsel.

d.    "Foreign Proceedings" shall mean: (1) the criminal petition filed by Petitioners in the Magistracy Court, Proceeding 9000094/2018, General ID Number: 5300543220180003697; and (2) the appeal filed by Petitioners of the Magistracy Court's dismissal to the Tribunal de Corts ("High Court of Justice"), Appeals Art. 194 CPP 0000122/2018.

e.    "Liability" or "Liabilities" shall mean any debt, liability or obligations, where absolute or contingent, asserted or unasserted, known or unknown, liquidated or unliquidated, due or to become due, fixed or unfixed.

f.    "Losses" shall mean any and all losses, Liabilities, damages, fines, costs and expenses.

g.    "Party" or "Parties" shall mean Respondent, Petitioners, and their consultants, retained experts, and all support staff thereof. Each is a separate Party, regardless of corporate affiliation.

h.    "Producing Party" shall mean the Party producing, furnishing, or disclosing Litigation Materials pursuant to the SDNY Order.

i.    "Receiving Party" shall mean any Party to which Litigation Materials are produced, furnished, or disclosed pursuant to the SDNY Order.

j.  "SDNY Order" shall mean the bench ruling entered on February 8, 2019 by United States District Court Judge Jesse M. Furman.

**4.  Confidential Information Defined**

"CONFIDENTIAL INFORMATION" shall mean Litigation Material that reflects or contains (i) confidential, proprietary, or commercially sensitive information; (ii) any information that Respondent would not normally reveal to third parties or would require third parties to maintain in confidence; (iii) confidential information of a non-party that the Respondent is bound to maintain in confidence pursuant to a separate confidentiality agreement or court order; or (iv) any confidential, proprietary, or commercially sensitive information that the Respondent believes in good faith will result in significant risk of competitive harm if disclosed without restriction upon use or further disclosure. Provided, however, CONFIDENTIAL INFORMATION does not include information that is generally available to the public. To the extent CONFIDENTIAL INFORMATION becomes public information through breach of this Protective Order, such material will remain CONFIDENTIAL INFORMATION.

**5.  Designating Confidential Information**

a.  Respondent may designate as CONFIDENTIAL INFORMATION any Litigation Material (or copies thereof) that meets the definition of Section 4 above at the time of production of such material. Litigation Material that qualifies as CONFIDENTIAL INFORMATION may be designated CONFIDENTIAL INFORMATION, by affixing to each page or electronic file and each thing (including electronic, optical, magnetic, or other media) to which the designation applies the legend "CONFIDENTIAL," "CONFIDENTIAL INFORMATION,"

"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," or other similar designation.

b. Regardless of whether Litigation Material is designated as CONFIDENTIAL INFORMATION, Respondent may redact information that is prohibited from disclosure under Andorran Law 8/2015, but only that portion of the Litigation Material that is subject to Andorran Law 8/2015.

c. Petitioners agree to assume the reasonable costs of the production of documents that may be subject to Andorran Law 8/2015. Petitioners further agree to take all available steps to obtain a court order in Andorra permitting the disclosure of materials that may be subject to Andorran Law 8/2015, which Respondent may share with Counsel only for the purposes of obtaining such an Andorran court order. In the event such an order cannot be obtained from an Andorran court, using best efforts, Petitioners will indemnify Respondent against any breaches of Andorran Law 8/2015.

d. Petitioners agree to indemnify Respondent against any breaches of EU General Data Protection Regulation and/or Andorra data privacy law.

6. **Use of Confidential Information**

a. CONFIDENTIAL INFORMATION shall be made available only to those persons identified as QUALIFIED PERSONS, as defined in Section 7 herein.

b. Access to CONFIDENTIAL INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order. No CONFIDENTIAL INFORMATION shall be permanently retained or stored at the

      offices or facilities of the Receiving Party and/or QUALIFIED PERSONS after the conclusion of the Foreign Proceedings.

c.    Subject to Section 6.d., nothing in this Protective Order shall prevent a Party from using any CONFIDENTIAL INFORMATION in a hearing, trial, proceeding, or appeal in the Foreign Proceeding(s), provided that Petitioners shall take all available steps to obtain an order to file CONFIDENTIAL INFORMATION under seal or by an equivalent procedure under Andorran law.

d.    Prior to Respondent's production of documents, Petitioners shall take all available steps to obtain an order from the tribunals before which the Foreign Proceeding(s) are pending, which limits the use of the CONFIDENTIAL INFORMATION to those Foreign Proceeding(s), and access to the CONFIDENTIAL INFORMATION to QUALIFIED PERSONS or court personnel, including an order to file CONFIDENTIAL INFORMATION under seal or by an equivalent procedure under Andorran law. Any determination made under this Section with respect to whether CONFIDENTIAL INFORMATION shall remain protected from disclosure in the Foreign Proceeding(s) is and shall remain in the exclusive jurisdiction of the tribunal before which the Foreign Proceeding(s) are pending. The obligations under this Section are not intended to limit or impede the Foreign Proceedings tribunals' exercise of their lawful discretion.

e.    In the event that the Foreign Proceedings are terminated, or the Petitioners cease to engage in the litigation of the Foreign Proceedings, access by QUALIFIED PERSONS to the CONFIDENTIAL INFORMATION shall be terminated, and the

        provisions of this Protective Order shall otherwise remain in full force and effect as to such QUALIFIED PERSON.

    f.    Any party seeking to file CONFIDENTIAL INFORMATION with this Court shall make an application to file such materials under seal. For any CONFIDENTIAL INFORMATION for which leave to file under seal has been granted, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

**7.**    <u>**Persons Permitted to Access Confidential Information**</u>

    a.    The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except "QUALIFIED PERSONS." "QUALIFIED PERSONS" are defined as: (i) Counsel for the Parties, and employees of Counsel for the Parties; (ii) consultant(s) and retained expert(s) of a Party, but only to the extent Counsel determines in good faith that the consultant and retained expert's assistance is reasonably necessary, and only after the proposed expert or consultant has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (iii) the SDNY, the courts and investigating magistrates overseeing the Foreign Proceedings, and the Ministeri Fiscal conducting investigations as part of the Foreign Proceedings; (iv) court reporters and recorders engaged for investigations, trial, and appellate or other proceedings constituting, or resulting from, the Foreign Proceedings; (v) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after those persons have

      executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (vii) witnesses at depositions, trial, or other proceedings, to whom disclosure is reasonably necessary, except such witnesses shall not retain a copy of documents containing Confidential Information, except in connection with review of any transcript associated with the Foreign Proceeding, but only after such witness has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (viii) the author or recipient of the document (not including a person who received the document in the course of litigation); and (ix) other persons only by written consent of the Respondent or upon order of the Court and on such conditions as may be agreed or ordered.

   b. To the extent that Respondent has a good-faith belief that any particular CONFIDENTIAL INFORMATION should be restricted to a narrower group of QUALIFIED PERSONS (e.g., if Respondent believes that CONFIDENTIAL INFORMATION should be limited to attorney's eyes only), Respondent shall so advise Petitioners' counsel, identifying the particular CONFIDENTIAL INFORMATION with specificity and explaining the basis for Respondent's belief that greater restrictions are warranted. Counsel shall confer in good faith to resolve any disagreement concerning Respondent's proposed restrictions before raising the matter with the Court pursuant to the provisions of the Court's Individual Rules and Practices for Civil Cases governing discovery disputes.

8. **<u>Procedure For Objection To Designation Of Litigation Materials As Protected Information</u>**

   a. At any time, any Petitioner may object in good faith to the designation of any Litigation Material as CONFIDENTIAL INFORMATION. Objection shall be

        made by providing Counsel for Respondent with written notice of the reasons for objection. Respondent shall, within seven calendar days after receiving such written notice, advise the objecting Petitioner, in writing, of the basis for its designation. Within seven calendar days thereafter, Petitioner(s) and Respondent shall confer in a good faith effort to resolve the matter. Failing such resolution, Petitioner(s) shall then have seven calendar days from that conference to apply to the SDNY for relief, or the objection is waived.

    b.    Notwithstanding any objections as described above, Litigation Material identified as CONFIDENTIAL INFORMATION shall be treated as such and shall be subject to the provisions hereof unless and until: (i) the Respondent changes or removes such designation in writing; or (ii) the SDNY orders Respondent to change or remove such designation. If Litigation Material was properly shown to a person who would not be entitled to see it as reclassified, that person shall be advised that the Litigation Material has been reclassified as CONFIDENTIAL INFORMATION, and the person disclosing the information shall use its best efforts to instruct such person not to use the Litigation Material for any purpose.

    c.    Any disclosure of CONFIDENTIAL INFORMATION under this Order shall not serve as a basis for challenging the designation of the CONFIDENTIAL INFORMATION in question.

**9.**    <u>**No Waiver or Limitation**</u>

Nothing in this Protective Order shall be construed to limit Respondent's use of its own documents, things, or information, nor shall anything in this Order prevent Respondent from disclosing its own CONFIDENTIAL INFORMATION to any person. However,

CONFIDENTIAL INFORMATION subsequently made public by Respondent will no longer be treated as CONFIDENTIAL INFORMATION.

10. **Disclosures Beyond Protective Order**

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the Respondent consents to such disclosure.

11. **Inadvertent or Unintentional Disclosure of Protected Information**

   a. If any Litigation Material intended to be designated as CONFIDENTIAL INFORMATION is inadvertently or unintentionally disclosed without being marked in accordance with this Protective Order, the failure to so mark said Material shall not be deemed a waiver of its confidentiality.

   b. If any CONFIDENTIAL INFORMATION is disclosed, inadvertently or otherwise, to a person other than a QUALIFIED PERSON then: (i) the person disclosing the information shall use its best efforts to retrieve the information and ensure that any copies thereof disclosed to such other person or party are promptly destroyed; (ii) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing person; (iii) such person shall be identified immediately to Respondent; and (iv) the person to whom disclosure was made shall be requested to sign an Agreement to Abide by Protective Order in the form of Exhibit A hereto. The signed Agreement shall be served on Respondent.

   c. Nothing in this Section shall affect Respondent's remedies under this Protective Order or otherwise for unauthorized disclosure of CONFIDENTIAL INFORMATION.

12. **Disposition of Protected Information at Conclusion of This Action**

Within fourteen days after the conclusion of the Foreign Proceedings, Counsel for Petitioners shall assemble and return to Counsel for Respondent, any and all originals and reproductions of any Litigation Material produced pursuant to this Protective Order, and Counsel to Petitioners shall certify to Respondents in writing that all such material has been returned to the best of its knowledge after due inquiry. In addition, any person that has received Litigation Material shall destroy any electronic copies of all Litigation Material within fourteen calendar days from the conclusion of the Foreign Proceedings, and Counsel to Petitioners shall certify to Respondents in writing that all such material has been destroyed to the best of its knowledge after due inquiry.

13. **Survival of Obligations**

    a. All of the provisions of this Protective Order shall survive the conclusion of the Foreign Proceedings and shall continue to be binding after the conclusion of the Foreign Proceedings unless subsequently modified by agreement among Petitioners and Respondent or by order of the SDNY.

    b. The Foreign Proceedings shall be deemed "concluded" when the Foreign Proceedings have finally and completely terminated under the law of the forum in which the Foreign Proceedings are pending.

    c. For purposes of enforcing this Protective Order and resolving any disputes arising hereunder, the Petitioners and Respondent consent to continuing jurisdiction of the SDNY.

14. **Relief From Protective Order**

Entry of this Protective Order shall be without prejudice to the application by any person:

    a.    for relief from any restriction contained herein; or

    b.    for any order compelling or further restricting the production or use of any Litigation Material.

The parties may amend or modify any provision of this Order by mutual agreement, which shall become effective when embodied in a written stipulation approved by the SDNY.

**15.** **Persons Bound**

This Order shall take effect when entered and shall be binding upon Petitioners, Lewis Baach Kaufmann Middlemiss PLLC, Respondent, Kobre & Kim LLP, and persons made subject to this Order, including those who have executed Exhibit A.

**SO ORDERED.**

Dated: February 26, 2019
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

**EXHIBIT A**

**Qualified Persons**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| IN RE APPLICATION OF HIGINI CIERCO NOGUER, RAMÓN CIERCO NOGUER, AND JOAN PAU MIQUEL PRATS FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | No. 18-MC-498 (JMF) |

AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is _____

_____

2. My present occupation or job description is _____

_____

_____

3. I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

4. I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive or have already inadvertently received information designated as CONFIDENTIAL INFORMATION in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any CONFIDENTIAL INFORMATION or any notes containing CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I

1

agree not to use, directly or indirectly, or allow the use of any CONFIDENTIAL INFORMATION for any purpose other than directly associated with my duties in this litigation.

5. I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be returned to Counsel for Respondent and electronic copies destroyed. Such return and destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

6. I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

7. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Southern District of New York and the Principality of Andorra in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

8. I further understand that the PROTECTIVE ORDER is enforceable under the laws of the U.S. District Court for the Southern District of New York and the Principality of Andorra. If I violate the PROTECTIVE ORDER in any manner, I may be subject to remedies and/or penalties as the courts of the Principality of Andorra or the U.S. District Court for the Southern District of New York deem appropriate.

3

Signature: _____

Date: _____